USCA1 Opinion

 

 May 6, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2401 SCOTT W. VEALE AND DAVID T. VEALE, Plaintiffs, Appellants, v. TOWN OF MARLBOROUGH, N.H., Defendant, Appellee. ___________________ No. 92-2402 SCOTT W. VEALE AND DAVID T. VEALE, Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Scott W. Veale and David T. Veale on brief pro se. ______________ ______________ ____________________ ____________________ Per Curiam. Appellants, Scott W. and David T. __________ Veale, appeal the dismissal of complaints they filed in two separate actions in the district court. Appellants based their complaints on 42 U.S.C. 1983. These cases concern a long-running dispute as to whether appellants are the owners of real property located in New Hampshire. The actions were consolidated below and have been consolidated for purposes of appeal. In affirming the judgments of the district court, we will discuss the merits of each action in turn.1 I. Appeal No. 92-2402 I. Appeal No. 92-2402 _ __________________ A. The Complaint. _____________ In the complaint filed in this action, appellants named as defendants Charles Eggert, a private citizen and attorney, the State of New Hampshire and the United States government. Count I concerns actions taken by Eggert in 1984 relating to certain parcels of real estate in which appellants claim an interest. Appellants aver that their parents had conveyed these properties to them in 1984 through deeds prepared by Eggert. Appellants then allege that ____________________ 1. The district court dismissed the complaints before defendants were served with process. Because appellants were proceeding in forma pauperis this implicates the concerns of Neitzke v. Williams, 490 U.S. 319 (1989), that such _______ ________ complaints should not be dismissed sua sponte without adequate notice to plaintiffs and an opportunity to cure the complaint's deficiencies. However, in this case, the matters were referred first to a magistrate judge who filed reports and recommendations noting the deficiencies. Appellants then responded by filing objections which explained in more detail their allegations. Only after the objections were filed did the district court dismiss the complaints. This is sufficient under Neitzke. See Purvis v. Ponte, 929 F.2d 822, _______ ___ ______ _____ 826-27 (1st Cir. 1991) (per curiam). Eggert, who represented appellants' parents in bankruptcy proceedings apparently initiated in 1983, modified certain purchase and sale agreements and filed pleadings in the bankruptcy court in an effort to deprive appellants of their interests in the parcels of land. In Count II, appellants attack the action of the bankruptcy court in approving the sale of two of the pieces of land in which appellants claimed an interest. From the papers attached to the complaint, it appears that the bankruptcy court held that appellants had not acquired any rights under the deeds allegedly prepared by Eggert. Appellants assert that the bankruptcy court acted outside its jurisdiction and precluded the resolution of the underlying dispute concerning title to the land in question by approving the sale. As a result, appellants allege that they were deprived of their property without due process of law. Count III relates to an action initiated by appellants in 1986 in a New Hampshire superior court. In this state case, appellants sought to recover the parcels of land that had been sold upon the approval of the bankruptcy court. According to the order attached to appellants' complaint, the state court found that the determination of the bankruptcy court that appellants had acquired no interest in the property precluded appellants from having standing to assert any claims to the real estate. Appellants allege that -3- the superior court violated their rights under the Fourteenth Amendment. Count IV raises similar arguments. In 1987, a state action was commenced by private individuals to enjoin appellants from cutting wood on property owned by these individuals. Apparently, appellants again attempted to assert their ownership of the property in question based upon the deeds described in Count I. The state court relied on the order of the bankruptcy court to hold that the issue had been decided adversely to appellants. The action by the state court, according to appellants, deprived them of their property without due process of law in violation of the Fourteenth Amendment. Finally, in Count V, appellants allege that all three defendants "acted in concert with each other to deprive plaintiffs of all of the property and homestead interests . . . without the due process of law . . . in violation of . . . the Fourteenth Amendment to the United States Constitution." B. Discussion. __________ Appellants' complaint fails for several reasons. First, we note that because 1983 applies only to actions taken under color of state law, the United States and the __________ bankruptcy court obviously are not proper defendants. In any event, appellants already have received review of the orders of the bankruptcy court. They state that they pursued an -4- appeal to the district court in September 1984. See 28 ___ U.S.C. 158(a). The decision of the district court is then reviewable in this court under 158(d). Again, appellants indicate that they sought such review. Appellants' claims against the state of New Hampshire concern the actions taken by the state court. As such, they are governed by Rooker v. Fidelity Trust Co., 263 ______ __________________ U.S. 413 (1923). In Rooker, the Supreme Court held that it ______ was the only federal court which could entertain a proceeding to "reverse or modify" a state court judgment. Id. at 416. ___ Thus, this court has no jurisdiction to review the state court proceedings about which appellants complain. Finally, appellants cannot sue Eggert, a private attorney, under 1983. "It is black-letter law that a showing of interference with a constitutionally-protected right by someone acting under color of state law is a prerequisite to a 1983 action." Malachowski v. City of ___________ ________ Keene, 787 F.2d 704, 710 (1st Cir.) (per curiam) (private _____ attorney, sued for actions taken as a court-appointed counsel, is not acting under color of state law), cert. _____ denied, 479 U.S. 828 (1986). Appellants' assertion in Count ______ V that Eggert acted "in concert" with the two other defendants is insufficient to meet this requirement. "Although it is true that private parties jointly engaged with state or local officials in prohibited conduct -5- can be said to act under color of state law . . . general allegations of cooperation between private individuals and . . . government agencies" are not enough to state a 1983 action. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980) ______ _____ (citation omitted). The nature of the relationship and the factual basis of the alleged conspiracy must be "pled in some detail." Id. No such showing has been made in this case. ___ II. Appeal No. 92-2401 II. Appeal No. 92-2401 __ __________________ A. The Complaint. _____________ The complaint in this appeal lists only the town of Marlborough, New Hampshire, as defendant. However, in the body of the 60-paragraph, 13-count complaint, appellants name other defendants. Count I lays out the background. It states that in November 1980, appellants discovered that the town's tax maps were drawn in such a way so as to deprive them of certain real estate they allegedly owned. As a result of their discovery, appellants claim that the town developed a bias against them and prohibited them from having the tax maps corrected so that title to the real estate could be resolved. The rest of the complaint provides more detail concerning the town's attempts to "hinder, oppress, threaten and intimidate" appellants in their efforts. The town's actions include the following: (a). In April 1981, appellants claim that a police officer sat and watched while appellants were threatened and -6- assaulted by certain residents of Marlborough. Appellants sought relief by going to the police station where the police again ignored their request for assistance. Also, appellant Scott Veale claims that the police chief "arrested" him for fifteen minutes after which the police chief ordered appellants to leave town. (Count II). (b). In November 1982, appellants state that the town selectmen denied them a building permit which would have allowed them to place their mobile home on land in Marlborough. Appellants claim that they were denied the permit even though the zoning laws permitted such action. Appellants suggest that the town's actions were biased and based on a dispute between appellants and other private individuals concerning title to the land. (Count III). (c). In October 1984, appellants state that they were charged with violating the town's zoning laws based on the presence of the mobile home on land in Marlborough. Appellants state that these charges ultimately were dropped. (Count IV). Also in 1984, appellants claim that a Marlborough dog officer "kidnapped" one of appellants' dogs allegedly on the ground that neighbors had complained about violations of the leash law. Appellants aver that they never were able to retrieve the dog. (Count V). (d). In May 1985, appellants allege that they were arrested for cutting trees and removing wood from land which -7- they supposedly owned but which the 1980 tax maps indicated belonged to others. Appellants claim that the wood they had cut was confiscated, taken to a sawmill and later sold without appellants' knowledge. Appellants also claim that they were forced to plead guilty to these charges and, thus, were denied their right to a fair trial by a jury. Additionally, they claim that a public defender told them to raise, as a defense, the dispute concerning who had title to the real estate in question. However, the state court refused to consider the property issue and, in an alleged abuse of discretion, found appellants guilty. (Count VI). (e). Appellants claim that in February 1986, the town removed appellants' dump truck from the parking lot of the town library. A Marlborough police officer then allegedly arrested appellant Scott Veale for theft of an overdue library book. Scott Veale later was found not guilty. (Count VII). Also in February 1986, appellants claim that the town refused to let them register their motor vehicles or register to vote as residents of the town. Appellants state that they were forced to obtain a court order directing the town to provide appellants with the above relief. (Count VIII). Later, in April 1986, appellants allegedly were arrested for threatening to shoot the tires on a tow truck the police department stated it would use to remove one of -8- appellants' vehicles from the land on which it was parked. Even though appellants apparently were found not guilty after trial, they charge that they had spent five days in jail for contempt. Appellants claim that the contempt order was improperly based on their request for a continuance so that they could obtain court-appointed counsel. (Count IX). Finally, in May 1986, appellants charge that they were arrested for littering during their attempt to relocate their mobile home. As a result, appellants claim, their mobile home was impounded and personal property belonging to appellants was destroyed. At trial, appellants state that they were found not guilty. (Count X). (f). In July 1989, appellants again requested a building permit from the town selectmen so that they could locate their mobile home on land in Marlborough. According to appellants, they were told that the zoning laws had changed after 1986 and mobile homes were no longer allowed in Marlborough. Appellants, believing they possessed a "pre- existing non-conforming use," moved their mobile home back to Marlborough in November 1989. Two days later, appellants state that they were charged with violations of the town's zoning laws. The mobile home was seized and subsequently sold at a public auction. They claim that they were not provided with adequate notice of the seizure. (Count XI). Similarly, in -9- 1990, appellants were charged with zoning violations after moving their camper onto property in Marlborough. They claim that they were ordered to remove the camper without proper notice and a sufficient hearing. At a preliminary hearing, appellants attempted to raise their claim that they owned the land in question but, they assert, were denied the opportunity to do so. (Count XII). The last count recites that the town, in November 1990, again refused to allow appellants to register their motor vehicles and refused to let appellants register to vote. Accordingly, appellants filed suit in federal district court, and, after a preliminary hearing, allegedly obtained an order directing the town to allow appellants to declare Marlborough as their residence. Appellants charge that the town still has not let them register their motor vehicles and pistols. (Count XIII). Appellants aver that the above actions violated their Fourteenth Amendment equal protection and due process rights, their Fourth Amendment rights to be free from unlawful arrest and their Fifteenth Amendment rights to vote. B. Discussion. __________ In their brief, appellants identify only one issue for appeal: whether the town of Marlborough deprived them of their property rights without due process of law in 1986 and 1989 when it denied appellants' applications for permits to -10- place their mobile home on land in Marlborough.2 Specifically, appellants claim that they were denied the right to a hearing on the underlying dispute concerning whether they actually owned the land upon which they wished to park their mobile home and other vehicles. This dispute essentially concerns zoning decisions made by the town and its board of selectmen. As such, it fails. "[F]ederal courts do not sit as a super zoning board or a zoning board of appeals." Raskiewicz v. Town of __________ ________ New Boston, 754 F.2d 38, 44 (1st Cir.), cert. denied, 474 __________ ____________ U.S. 845 (1985). In the absence of a "fundamental procedural irregularity [or] racial animus," a conventional zoning dispute does not implicate constitutional concerns. Creative ________ Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st ___________________ _________ Cir.), cert. denied, 459 U.S. 989 (1982); Chongris v. Bd. of ____________ ________ ______ Appeals of Town of Andover, 811 F.2d 36, 41-42 (1st Cir.), ___________________________ cert. denied, 483 U.S. 1021 (1987). Rather, such disputes _____________ are primarily of concern only to the state. Creative ________ Environments, 680 F.2d at 833. ____________ Appellants' allegation that the board of selectmen erred in applying the zoning law because of their incorrect assumption that appellants did not own the property in ____________________ 2. Appellants have not briefed any of the other claims asserted below. Thus, they are waived. See Gaudreault v. ___ __________ Municipality of Salem, 923 F.2d 203, 205 n.1 (1st Cir. 1990), _____________________ cert. denied, 111 S. Ct. 2266 (1991). ____________ -11- question is insufficient to state a 1983 claim. Indeed, "even abridgements of state law committed in bad faith do not necessarily amount to unconstitutional deprivations of due process." Chongris, 811 F.2d at 43. See also Chiplin ________ _________ _______ Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1528 _________________ ________________ (1st Cir. 1983) (outright violation in denying a license does not automatically raise a due process claim); Creative ________ Environments, 680 F.2d at 833. ____________ Further, chapter 677 of the New Hampshire Revised Statutes provides for rehearings of local zoning decisions and appeals of such decisions to the New Hampshire superior courts. See N.H. Rev. Stat. Ann. 677:2, 677:3, 677:4 ___ (1986 and Supp. 1991). We have held that "where . . . the state offers a panoply of administrative and judicial remedies, litigants may not ordinarily obtain federal court review of local zoning and planning disputes by means of 42 U.S.C. 1983." Raskiewicz, 754 F.2d at 44; see also __________ ___ ____ Chongris, 811 F.2d at 41. ________ Although appellants aver in their brief on appeal that they were denied such procedures, this claim is belied by a document filed in the district court which lists at least fifteen cases concerning appellants and the town of Marlborough.3 Indeed, in a 1990 zoning action, the town ____________________ 3. This list -- attached to appellants' objections to the report and recommendation of the magistrate judge in the companion case -- includes over fifty cases to which -12- filed a motion to amend to add a request that the superior court specifically consider the question of property ownership. This was done in response to appellants' allegation in their answer filed in this zoning action that they had been denied a forum in which to litigate this issue. In the face of such evidence, it is plain that appellants have had more than a sufficient opportunity to have the state and federal courts address their claims. Based upon the foregoing, we affirm the judgments ______ of the district court in both appeals. Accordingly, appellants' motions for oral argument and expedited consideration are denied. ____________________ appellants were parties spanning the years 1982 to 1992. -13-